LUIS A. CARRILLO, Esq. SBN 70398
MICHAEL S. CARRILLO, Esq. SBN 258878
J. MIGUEL FLORES, Esq. SBN 240535
**CARRILLO LAW FIRM, LLP**
1499 Huntington Drive, Suite 402
South Pasadena, CA 91030
Tel: (626) 799-9375
Fax: (626) 799-9380

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUELA SAHAGUN, individually and as Successor-in-Interest, ) <br><br> ) <br><br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **LONG BEACH UNIFIED SCHOOL DISTRICT, EDDIE GONZALEZ, DOES 1 THROUGH 10, INCLUSIVE,** ) <br> ) <br> Defendants. ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | **CASE NO: 2:21-cv- 9764** <br><br> **COMPLAINT FOR DAMAGES** <br><br> **1. Excessive Use of Force (42 U.S.C. § 1983)** <br> **2. Fourteenth Amendment Interference with Familial Relations (42 U.S.C. § 1983)** <br> **6. Battery (Wrongful Death)** <br> **7. Negligence (Wrongful Death)** <br> **8. Violation of Cal. Civil Code § 52.1** <br><br> **[DEMAND FOR JURY TRIAL]** |

COMPLAINT FOR DAMAGES

## COMPLAINT FOR DAMAGES

Plaintiff MANUELA SAHAGUN files the instant Complaint against Defendants LONG BEACH UNIFIED SCHOOL DISTRICT, EDDIE GONZALEZ, and DOES 1 THROUGH 10, inclusive, and herein alleges as follows:

## JURISDICTION AND VENUE

1.    This civil action is brought to redress violations of the Fourth and Fourteenth Amendments of the United States Constitution as protected by 42 U.S.C. §§ 1983. Jurisdiction is founded on 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 1983.  Venue is proper in this Court under 28 U.S.C. § 1391(b) because all incidents, events, and occurrences giving rise to this action occurred in the County of Los Angeles, in the State of California, which is located in this Central District of California. The Court has supplemental jurisdiction over the California state law causes of action asserted in this Complaint pursuant to 28 U.S.C. § 1367(a).

## PARTIES

2.    MONA RODRIGUEZ (hereinafter "DECEDENT") is the Decedent. Ms. RODRIGUEZ died on September 27, 2021 after being shot in the head by EDDIE GONZALEZ.

3.    Plaintiff MANUELA SAHAGUN is DECEDENT'S biological mother and brings survival claims in a representative capacity on the DECEDENT'S behalf as a lawful successor-in-interest pursuant to California Code of Civil Procedure § 377.30 and California Code of Civil Procedure § 377.60. Plaintiff MANUELA SAHAGUN seeks damages for survival claims, wrongful death, and loss of familial relations.

4.    Defendant LONG BEACH UNIFIED SCHOOL DISTRICT (sometimes referred to as "LBUSD") is and was, at all times pertinent hereto, a municipal corporation and a political subdivision organized and existing under the laws of the State of California. LBUSD owns, operates, manages, directs, and controls the LONG BEACH UNIFIED SCHOOL DISTRICT School Safety and Emergency Preparedness Department. Defendant LONG BEACH UNIFIED SCHOOL DISTRICT is liable for the use of

excessive deadly force, battery, and/or negligence of Defendants EDDIE GONZALEZ and DOES 1 through 10 as to Plaintiff's Federal and state law claims pursuant to Cal. Govt. Code § 815.2(a). ("A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative."). As to Plaintiff's state law claims, Defendants EDDIE GONZALEZ and DOES 1 through 10 are liable for their nonfeasance and malfeasance pursuant to Cal. Civ. Code § 820(a). Defendant LONG BEACH UNIFIED SCHOOL DISTRICT is also liable pursuant to Cal. Govt. Code § 815.6.

5. Defendant EDDIE GONZALEZ was a School Safety Officer, and was specifically authorized by Defendant LONG BEACH UNIFIED SCHOOL DISTRICT to perform the duties and responsibilities of School Safety Officers for the LONG BEACH UNIFIED SCHOOL DISTRICT, and all acts hereinafter complained of were performed by Defendant within the course and scope of his duties as a School Safety Officer of the LONG BEACH UNIFIED SCHOOL DISTRICT. Defendant EDDIE GONZALEZ is also sued herein in his individual capacity and in his official capacity as a Safety Officer of the LONG BEACH UNIFIED SCHOOL DISTRICT.

6. The true names, identities or capacities, whether individual, associate, of Defendants DOES 1-10, inclusive, are unknown to Plaintiff at this time, who therefore sues said defendants by such fictitious names. Plaintiff alleges that each of the defendants sued herein as a DOES 1-10 are legally responsible for the events and happenings that caused the DECEDENT'S death. Plaintiff will amend the complaint to name the DOES 1-10 when their true names and identities discovered. All of the acts alleged herein by Plaintiff against DOES 1-10, were done by DOES 1-10 while acting within the course, purpose, and scope of employment.

## FACTS COMMON TO ALL CAUSES OF ACTION

7. Plaintiff re-alleges and incorporates by reference herein each and every allegation contained herein above as though fully set forth herein in this cause of action.

3

COMPLAINT FOR DAMAGES

8. On September 27, 2021, Defendant EDDIE GONZALEZ a School Safety Officer employed by Defendant LBUSD intentionally caused the death of DECEDENT by shooting her with a hollow-point bullet in the head.

9. On September 27, 2021, DECEDENT MONA RODRIGUEZ, was wrongfully shot and killed by LONG BEACH UNIFIED SCHOOL DISTRICT School Safety Officer EDDIE GONZALEZ. DECEDENT MONA RODRIGUEZ was shot by Defendant EDDIE GONZALEZ in an *off-campus shooting* and Defendant EDDIE GONZALEZ had no justification for shooting DECEDENT. The shooting of MONA RODRIGUEZ by LONG BEACH UNIFIED SCHOOL DISTRICT Safety Officer EDDIE GONZALEZ was unjustified in that MONA RODRIGUEZ was **unarmed** and she was **not** an imminent threat to EDDIE GONZALEZ, who shot and killed an unarmed 18 year old, DECEDENT MONA RODRIGUEZ. Defendant EDDIE GONZALEZ was *off-campus* from Long Beach Millikan High School in the area of Spring Street and Palo Verde, far outside of his jurisdiction as a *School* Safety Officer.

10. On September 27, 2021, DECEDENT MONA RODRIGUEZ was a passenger in a vehicle driven by Rafeul Chowdhury. Chowdhury was leaving in his car and LONG BEACH UNIFIED SCHOOL DISTRICT School Safety Officer EDDIE GONZALEZ used deadly force against DECEDENT when such force was not necessary, not justified, and not within the policies and procedures of the LONG BEACH UNIFIED SCHOOL DISTRICT.

11. According to the Use of Force Policy of the LBUSD, School Safety Officers are **not** permitted to fire at a moving vehicle. Firearms may be discharged only when reasonably necessary and justified under the circumstances, such as self-defense and the protection of others. The Use of Force Policy also bars shooting at fleeing suspects.

12. The intentional, reckless, negligent, and unjustified use of deadly force by Defendant EDDIE GONZALEZ was a result of the negligent employment of EDDIE GONZALEZ, and negligent retention, by the LBUSD. Plaintiff alleges, based upon information and belief, that EDDIE GONZALEZ had been terminated from the Los

4

COMPLAINT FOR DAMAGES

Alamitos Police Department and that EDDIE GONZALEZ had been terminated by the Sierra Madre Police Department. In spite of these terminations, the LBUSD negligent and/or recklessly hired and employed EDDIE GONZALEZ.

13. Plaintiff alleges, based upon information and belief, that Defendant EDDIE GONZALEZ did not pass his probationary period with the Los Alamitos Police Department; and did not pass his probationary period with the Sierra Madre Police Department. In spite of these circumstances, the LONG BEACH UNIFIED SCHOOL DISTRICT negligently hired and employed EDDIE GONZALEZ.

14. Based on information and belief, Plaintiff alleges that the DEFENDANT LBUSD negligently retained EDDIE GONZALEZ in spite of prior policy violations by EDDIE GONZALEZ.

15. The LBUSD negligently supervised EDDIE GONZALEZ. The LBUSD negligently trained EDDIE GONZALEZ. The intentional, reckless, negligent, and unjustified use of deadly force by EDDIE GONZALEZ was a result of the negligent training by the LBUSD. The negligent training by the LONG BEACH UNIFIED SCHOOL DISTRICT was a driving force in the Constitutional violations committed by EDDIE GONZALEZ; and the Constitutional injuries caused to Plaintiff and DECEDENT.

16. Plaintiff alleges that the LONG BEACH UNIFIED SCHOOL DISTRICT failed to train its School Safety Officers as to proper tactics, proper use of force, proper use of deadly force, and proper detention and arrest procedures. The LONG BEACH UNIFIED SCHOOL DISTRICT was responsible for the training of LBUSD School Safety Officers, including EDDIE GONZALEZ, to ensure that the actions, procedures, and practices of its Safety Officers complied with POST training standards regarding proper tactics, and proper use of deadly force.

17. The LBUSD and DOES 1-10 negligently failed to train LONG BEACH UNIFIED SCHOOL DISTRICT School Safety Officers as to POST training standards regarding proper tactics, proper use of force, proper use of deadly force, and proper detention and arrest procedures. The LBUSD, including the Chief, Commanders, and high

5

ranking supervisors, ratify, condone, and acquiesce in the negligent and excessive use of force by its Officers, acting under color of law. The LONG BEACH UNIFIED SCHOOL DISTRICT, including the Chief of School Safety and Emergency Preparedness and high ranking supervisors, ratify, condone, and acquiesce in the filing of false reports to "cover up" the negligent and/or intentional excessive use of force; and ratify, condone, and acquiesce, in the falsification of evidence, the "planting" of evidence to "cover up" the negligent and excessive use of force, and other LBUSD School Safety Officer misconduct.

18.   As a direct result of the death of MONA RODRIGUEZ, Plaintiff MANUELA SAHAGUN has suffered the loss of DECEDENT's love, companionship, comfort, care, assistance, protection, affection, society, moral support, and guidance of MONA RODRIGUEZ. Further, as a direct result of the excessive, unreasonable, and deadly force which was used against DECEDENT MONA RODRIGUEZ by Defendant EDDIE GONZALEZ, Plaintiff's constitutional substantive due process rights to be free from unwarranted state interference in a familial relationship with MONA RODRIGUEZ have been violated.

19.   On or about October 7, 2021, a Claim for Damages was presented to the LONG BEACH UNIFIED SCHOOL DISTRICT on behalf of Plaintiff MANUELA SAHAGUN, in substantial compliance with Government Code § 910, et seq. On or about November 3, 2021, Defendant LBUSD rejected  the claim of Plaintiff.

## FIRST CAUSE OF ACTION

**FOURTH AMENDMENT VIOLATION OF FEDERAL CIVIL RIGHTS, EXCESSIVE USE OF FORCE (42 U.S.C. § 1983)**

**(By Plaintiff individually and as Successor-In-Interest of Decedent Against Defendant EDDIE GONZALEZ and Does 1-10)**

20.   Plaintiff re-alleges and incorporates by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

COMPLAINT FOR DAMAGES

21.    This cause of action is to redress a deprivation, under color of authority, statute, ordinance, regulation, policy, custom, practice or usage of a right, privilege and immunity secured to Plaintiff and DECEDENT by the Fourth and Fourteenth Amendments of the United States Constitution.

22.    Defendant EDDIE GONZALEZ as a School Safety Officer of the LONG BEACH UNIFIED SCHOOL DISTRICT owed a legal duty under the U.S. Constitution not to use excessive deadly force against DECEDENT.

23.    Plaintiff alleges that Defendant EDDIE GONZALEZ breached these aforementioned legal duties intentionally before and during his interactions with DECEDENT, on September 27, 2021, including, but not limited to, the use of excessive deadly force upon DECEDENT while she was completely unarmed and DECEDENT was not an imminent threat to Defendant EDDIE GONZALEZ.

24.    Plaintiff herein alleges that Defendant EDDIE GONZALEZ, as a LONG BEACH UNIFIED SCHOOL DISTRICT School Safety officer, breached the aforementioned duties, which constituted violations of the civil rights of the DECEDENT in violation of 42 U.S.C. § 1983, and in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

25.    Plaintiff herein alleges that Defendant EDDIE GONZALEZ's intentional use of excessive, unreasonable, and deadly force upon DECEDENT, who was unarmed and helpless when she was shot in the head, was the legal cause of DECEDENT's death; and was a homicide committed upon DECEDENT by Defendant EDDIE GONZALEZ.

26.    Plaintiff is informed and believes, and thereon alleges, that Defendant EDDIE GONZALEZ fired a hollow-point bullet at DECEDENT that shattered DECEDENT'S brain.

27.    Hollow-point bullets are especially dangerous because the bullet fragments will spread into a larger swath of brain tissue, and Defendant EDDIE GONZALEZ shattered DECEDENT'S brain causing pre-death pain and suffering to DECEDENT. DECEDENT suffered pre-death pain and suffering from September 27, 2021 until

7

October 5, 2021, when DECEDENT MONA RODRIGUEZ was taken off life support and her organs were donated to help save the lives of five people.

28.    Plaintiff is informed and believes, and thereon alleges, that the hollow-point bullet fired by Defendant EDDIE GONZALEZ entered the right side of the brain of MONA RODRIGUEZ; that bullet fragments became scattered throughout the brain of MONA RODRIGUEZ; that the bullet fragments went into the middle of DECEDENT's brain; that MONA RODRIGUEZ suffered a very painful injury; and that DECEDENT suffered very painful pre-death pain and suffering from September 27, 2021 until October 5, 2021 when DECEDENT MONA RODRIGUEZ was taken off life support.

29.    Defendant EDDIE GONZALEZ violated DECEDENT'S civil rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of her person and the deprivation of life and liberty and denial of due process of law. The violations were under color of State and Federal law. Defendant EDDIE GONZALEZ acted in violation of the Fourth and Fourteenth Amendment of the United States Constitution when DECEDENT was subjected to excessive deadly force. DECEDENT eventually died following her encounter with Defendant EDDIE GONZALEZ.

30.    Defendant EDDIE GONZALEZ is liable for the excessive, unreasonable, and deadly force used against the DECEDENT, DOES 1-10 are liable because each DOE directly participated, integrally participated, and/or failed to intervene in the violation of the DECEDENTS' constitutional rights. DECEDENT had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of her right to life, liberty, or property in such a manner as to shock the conscience of the community.

31.    As a result of the excessive use force by Defendant EDDIE GONZALEZ, Plaintiff MANUELA SAHAGUN, individually, and as a Successor-In-Interest to DECEDENT MONA RODRIGUEZ, were thereby deprived of Constitutional rights of familial relationship with DECEDENT.

COMPLAINT FOR DAMAGES

32. Defendant EDDIE GONZALEZ and Defendants DOES 1-10, and each of them, directly and proximately caused injuries and damages to Plaintiff, as set forth herein. Defendant EDDIE GONZALEZ and Defendants Does 1-10 are individually liable for the violation of DECEDENT's and Plaintiff's Constitutional rights of familial relationship.

33. As a direct and proximate result of the conduct of Defendant EDDIE GONZALEZ and Defendants DOES 1-10, and each of them, DECEDENT has suffered the following injuries and damages for which Plaintiff, as Successor-in-Interest, may recover:

      a. Violation of DECEDENT'S Constitutional Rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of her person, nor the deprivation of life and liberty and denial of due process of law.

      b. For the loss of love, companionship, comfort, care, assistance, protection, affection, society, moral support, and guidance of DECEDENT.

      c. Loss of life, loss of enjoyment of life, and pre-death pain and suffering, of DECEDENT following being shot in the head by a hollow-point bullet.

34. As a direct and proximate result of the conduct of Defendant EDDIE GONZALEZ and Defendants DOES 1-10, Plaintiff suffered damages as a proximate result of the death of MONA RODRIGUEZ.

35. Plantiff is entitlted to an awared of attorneys' fees, costs and expenses under 42 U.S.C. § 1983, and pursuant to 28 U.S.C. § 1988, as a result of the acts of Defendant EDDIE GONZALEZ and DOES 1-10, for the violation of DECEDENT's and Plaintiff's Civil Rights.

///

///

///

COMPLAINT FOR DAMAGES

## SECOND CAUSE OF ACTION

**Fourteenth Amendment Interference with Familial Relations (42 U.S.C. §1983)**

**(By Plaintiff and as Successor-In-Interest of Decedent Against Defendant EDDIE GONZALEZ, and DOES 1-10)**

36.     Plaintiff hereby restates and re-alleges each and every paragraph set forth above, and incorporates by reference said paragraphs as though fully set forth below.

37.     The Due Process Clause of the Fourteenth Amendment to the United States Constitution guarantees all persons the right to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including, but not limited to, unwarranted state interference with the familial relationships of the DECEDENT.

38.     Defendants EDDIE GONZALEZ, and DOES 1-10, acting under color of state law, violated Plaintiff's rights to be free from unwarranted interference with her familial relationship with DECEDENT when they used excessive, unreasonable, and deadly force, causing the DECEDENT's death.

39.     As a direct and proximate cause of Defendants' conduct, Plaintiff suffered the loss of the DECEDENT'S love, companionship, comfort, care, assistance, protection, affection, society, moral support, training and guidance. Plaintiff therefore seeks compensatory damages under this claim in her individual capacity.

40.     Defendant EDDIE GONZALEZ acted with malice, oppression, and/or in reckless disregard of DECEDENT's and Plaintiff's rights.

41.     Plaintiff seeks costs of suit, interest, and statutory attorneys' fees under 42 U.S.C. §1988 under this claim. Accordingly, Defendants EDDIE GONZALEZ and Defendants DOES 1-10 are each liable to Plaintiff for compensatory damages, including both survival damages and wrongful death damages, under 42 U.S.C. § 1983 and California Code of Civil Procedure § 377.30 and § 377.60.  Plaintiff also seeks reasonable attorneys' fees pursuant to 28 U.S.C. § 1988.

///

COMPLAINT FOR DAMAGES

## THIRD CLAIM FOR RELIEF

### Battery (Wrongful Death)

### (By Plaintiff against Defendants LBUSD, EDDIE GONZALEZ)

69.     Plaintiff repeats and re-alleges each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

70.     On September 27, 2021 Defendant EDDIE GONZALEZ shot the DECEDENT with his handgun while DECEDENT was a passenger in a vehicle driven by Rafeul Chowdhury. The bullet fired by Defendant EDDIE GONZALEZ entered the right side of the brain of DECEDENT; the bullet fragments became scattered throughout the brain of DECEDENT; the bullet fragments went into the middle of DECEDENT's brain; DECEDENT suffered a very painful injury; and DECEDENT suffered painful pre-death pain and suffering. As a result of the acts and omissions of said Defendant EDDIE GONZALEZ, DECEDENT suffered severe pain and suffering, ultimately causing the death of DECEDENT. Defendant EDDIE GONZALEZ had no legal justification for using deadly force against DECEDENT, and this deadly use of force by Defendant EDDIE GONZALEZ was an unreasonable and nonprivileged use of force.

71.     As a direct and proximate result of the conduct of Defendant EDDIE GONZALEZ as alleged above, DECEDENT sustained severe brain injuries and succumbed to her injuries. Also as a direct and proximate result of the conduct of said Defendants, as alleged above, DECEDENT suffered survival damages pursuant to Code of Civil Procedure Section 377.34.

72.     Defendant LBUSD is vicariously liable for the wrongful acts of Defendant EDDIE GONZALEZ pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

73.     Plaintiff brings this claim as DECEDENT's successor-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and seeks survival damages for the violation of DECEDENT's rights.

COMPLAINT FOR DAMAGES

## FOURTH CLAIM FOR RELIEF

### Negligence

### (Wrongful Death)

### (By Plaintiff against Defendants LBUSD and EDDIE GONZALEZ)

74.    Plaintiff repeats and re-alleges each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

75.    LBUSD School Safety Officers, including Defendant EDDIE GONZALEZ have a duty to use reasonable care to prevent harm or injury to others. This duty includes using appropriate tactics, giving appropriate commands, giving warnings, and not using any force unless necessary, using less than lethal options, and only using deadly force as a last resort.

76.    Defendants LBUSD, EDDIE GONZALEZ, and DOES 1-10 breached this duty of care. The actions and omissions of said Defendants were negligent and reckless, including but not limited to, *inter alia*:

      (a)    The failure to ***properly assess*** the need to use deadly force against DECEDENT;

      (b)    The negligent failures of Defendant LBUSD to properly train its School Safety Officers in proper police tactics to handle a situation where DECEDENT was a passenger in a car and Defendant EDDIE GONZALEZ overreacted and ***escalated*** the situation by shooting and killing DECEDENT, instead of trying to de-escalate or calling for Supervisors to help de-escalate;

      (c)    The negligent use of deadly force by Defendant EDDIE GONZALEZ, against DECEDENT;

      (d)    The negligent failure of Defendant LBUSD to properly train and supervise employees, such as Defendant EDDIE GONZALEZ. Defendant LBUSD failed to properly train its School Safety Officers so that Officers adhere to, and follow, the Use of Force Policy and

12

COMPLAINT FOR DAMAGES

Officers <u>do not fire their guns at a moving vehicle</u>, such as the incident on September 27, 2021 when Rafeul Chowdhury was leaving a location in his car and DECEDENT MONA RODRIGUEZ was a passenger in the vehicle driven by Rafeul Chowdhury;

(e) The negligent failure of Defendant LBUSD to ensure that adequate numbers of employees with appropriate training were available to meet the needs of, and protect the rights of, DECEDENT;

(f) The negligent failure of communicating information to Supervisors by Defendant EDDIE GONZALEZ during the incident to *de-escalate* the situation before Defendant EDDIE GONZALEZ used deadly force and killed DECEDENT.

77. As a direct and proximate result of Defendants' conduct as alleged above, and other negligent conduct, DECEDENT was caused to suffer severe pre-death pain and suffering and ultimately died. Also as a direct and proximate result of Defendants' conduct alleged above, Plaintiff has been deprived of the life-long love, companionship, comfort, support, society, care and moral support of DECEDENT, and will continue to be so deprived for the remainder of her natural life.

78. Defendant LBUSD is vicariously liable for the wrongful acts of Defendants EDDIE GONZALEZ, and DOES 1-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

79. Plaintiff brings this claim as DECEDENT's successor-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and seeks survival damages for the violation of DECEDENT's rights.

**FIFTH CLAIM FOR RELIEF**

**Violation of Bane Act (Cal. Civil Code § 52.1 and California Common Law)**

**(By Plaintiff individually and as Successor-In-Interest of Decedent**

COMPLAINT FOR DAMAGES

**Against all Defendants and DOES 1-10.)**

80.     Plaintiff hereby restates and re-alleges each and every paragraph set forth above, and hereby incorporate by reference said paragraphs as though fully set forth below.

81.     California Civil Code, Section 52.1 (the Bane Act) applies to this Complaint with the same force and effect as fully set forth herein:

(a)     If a person or person, whether or not acting under color of law, interferes by threat, intimidation, or coercion, or attempts to interfere by threat, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals or rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state ... a civil action for injunctive and other appropriate equitable relief may be brought.

(b)     Any individual whose exercise or enjoyment of rights secured by the Constitution or laws of this state, has been interfered with, as described in subdivision (a), may institute and prosecute in his name and on his own behalf a civil action for damages, including but not limited to, damages under Section 52, injunctive relief, and other appropriate equitable relief to protect the peaceable exercise or enjoyment of the rights secured, including appropriate equitable and declaratory relief to eliminate a pattern or practice of conduct as described in subdivision (a).

82.     The Bane Act, the California Constitution and California common law prohibit the use of excessive force by those acting under color of law. California Civil Code, Section 52.1(b) authorizes a private right of action and permits survival actions for such claims. See *Bay Area Rapid Transit Dist. v. Superior Court*, 38 Cal.App.4th 141, 144 (1995). "[A] successful claim for excessive force under the Fourth Amendment provides the basis for a successful claim under § 52.1." *Chaudhry v. LONG BEACH UNIFIED SCHOOL DISTRICT  of Huntington Beach*, 751 F.3d 1096, 1105-06 (9th Cir. 2014); citing *Cameron v. Craig*, 713 F.3d 1012, 1022 (9th Cir.2013) ("[T]he elements of the

14

excessive force claim under § 52.1 are the same as under § 1983."); *Bender v. County. Of L.A.*, 217 Cal.App.4th 968, 976 (2013) ("an unlawful [seizure] - when accompanied by unnecessary, deliberate and excessive force is within the protection of the Bane Act").

83.   On September 27, 2021 Defendant EDDIE GONZALEZ, while working for LONG BEACH UNIFIED SCHOOL DISTRICT and acting within the course and scope of his duties, intentionally committed and attempted to commit acts of violence against DECEDENT, including shooting her without justification or excuse.

84.   When Defendant EDDIE GONZALEZ shot and killed DECEDENT, he acted with a reckless disregard for and in violation of DECEDENT'S rights under the State and Federal constitutions to be free from excessive force.

85.   Plaintiff brings this "Bane Act" claim individually for direct violation of her own rights familial association claim based on Defendant EDDIE GONZALEZ's intentional shooting of DECEDENT MONA RODRIGUEZ without a legitimate law enforcement purpose in a manner that shocks the conscience, and Plaintiff also brings this Bane Act claim as a survival claim pursuant to California Code of Civil Procedure § 377.20 et seq. for violation of MONA RODRIGUEZ 's rights.

86.   By his conduct described herein, Defendant EDDIE GONZALEZ acting as described above, violated Plaintiff's and DECEDENT's rights under California Civil Code § 52.1, and the following clearly-established rights under the United States Constitution and the California Constitution:

   a. MONA RODRIGUEZ's right to be free from excessive and unreasonable force in the course of arrest or detention, as secured by the Fourth Amendment to the United States Constitution and by Article 1, § 13 of the California Constitution;

   b. MONA RODRIGUEZ's right to be free from the unreasonable use of deadly force as secured by the Fourth Amendment to the United States Constitution and by Article 1, § 13 of the California Constitution; and,

COMPLAINT FOR DAMAGES

    c. Plaintiff's right to be free from wrongful government interference with familial relationships, and Plaintiff's and DECEDENT's right to companionship and society with each other, as secured by the First and Fourteenth Amendments to the United States Constitution.

87. Defendant EDDIE GONZALEZ unlawfully used deadly force which violated the Fourth Amendment and violated the Bane Act. Defendant EDDIE GONZALEZ's use of unlawful deadly force against MONA RODRIGUEZ, in and of itself, satisfies the "by threat, intimidation, or coercion" requirement of the Bane Act.

88. Further, any volitional violation of rights done with reckless disregard for those rights also satisfies the "by threat, intimidation, or coercion" requirement of the Bane Act. All of Defendant EDDIE GONZALEZ's violations of duties and rights were volitional, intentional acts, done with reckless disregard for Plaintiff' and DECEDENT's rights.

89. Alternatively, Defendant EDDIE GONZALEZ violated MONA RODRIGUEZ's rights by the following conduct constituting threat, intimidation, or coercion that was above and beyond any lawful use of force:

    a. Using deliberately reckless and provocative tactics to apprehend MONA RODRIGUEZ in violation of generally accepted law enforcement training and standards, and in violation of MONA RODRIGUEZ's Constitutional rights;

    b. Defendant EDDIE GONZALEZ shooting his gun at MONA RODRIGUEZ in the absence of any threat by MONA RODRIGUEZ or justification whatsoever;

    c. Threatening violence against MONA RODRIGUEZ, with the apparent ability to carry out such threats, in violation of Civ. Code § 52.1(j);

    d. Using excessive, unreasonable and unjustified force against MONA RODRIGUEZ with the specific intent to kill, in the absence of any immediate threat;

16

COMPLAINT FOR DAMAGES

i. Violating all Plaintiff' rights to familial association by his use of conscience-shocking excessive force tactics without any legitimate law enforcement purpose.

90. Defendant LONG BEACH UNIFIED SCHOOL DISTRICT is vicariously liable, pursuant to California Government Code § 815.2, for the violation of rights by its employees and agents.

91. The conduct of Defendant EDDIE GONZALEZ was a substantial factor in causing DECEDENT'S death. Defendant LONG BEACH UNIFIED SCHOOL DISTRICT is vicariously liable for the wrongful acts of Defendant EDDIE GONZALEZ pursuant to Section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

92. Defendant LONG BEACH UNIFIED SCHOOL DISTRICT is vicariously liable under California law and the doctrine of *respondeat superior*.

93. The conduct of Defendant EDDIE GONZALEZ was malicious, wanton, oppressive, and accomplished with a conscious disregard for DECEDENT's and Plaintiff' rights, justifying an award of exemplary and punitive damages as to Defendant EDDIE GONZALEZ.

94. Plaintiff brings this claim as DECEDENT'S successor-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and Plaintiff seeks survival damages for the violation of DECEDENT'S rights. Plaintiff also seeks attorney's fees under the Bane Act.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests entry of judgment in her favor and against Defendants LONG BEACH UNIFIED SCHOOL DISTRICT, Defendant EDDIE GONZALEZ, and DOES 1 through 10, inclusive as follows:

1. For survival damages under California law in a sum according to proof at trial;

COMPLAINT FOR DAMAGES

2. For survival damages under California and Federal law, including damages for pre-death pain and suffering, loss of enjoyment of life, and loss of life, in a sum according to proof at trial;

3. For wrongful death damages under State and Federal law, in a sum according to proof at trial;

4. For non-economic damages under California and Federal law for the life-long loss of love, companionship, comfort, support, society, care and moral support of DECEDENT;

5. For costs of suit and pre-judgment and post-judgment interest;

6. For attorney's fees under §1021.5, §52.1, and §1988.

7. For punitive damages as provided under State and Federal law against the Defendant EDDIE GONZALEZ, in a sum according to proof at trial;

8. For other and further relief as the court may deem just, proper, and appropriate.

Dated:  December 17, 2021                      CARRILLO LAW FIRM, LLP

By: _____
LUIS A. CARRILLO, Esq.,
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

The Plaintiff named herein hereby demands a trial by jury.

Dated:  December 17, 2021                      CARRILLO LAW FIRM, LLP

By: _____
LUIS A. CARRILLO, Esq.,
Attorneys for Plaintiff

18
COMPLAINT FOR DAMAGES